IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HEZEKIAH JOEL COLBERT,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. CIV-05-705-R |
| **LISA HAMMON, et al.,** | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at the Diamondback Correction Facility ("DbCF") and the Cimarron Correctional Facility ("CCF"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The complaint has been promptly examined pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and because the undersigned finds that Plaintiff has failed to plead and provide evidence of exhaustion of his available administrative remedies, it is recommended that the case be dismissed upon filing.

**Plaintiff's Complaint**

By Second Amended Complaint [Doc. No. 16], Plaintiff has alleged, in part, that $407.54 was wrongfully charged against his prison account by order of named Defendant Don Stewart, now warden of CCF, for the costs of transporting Plaintiff between CCF and Oklahoma County Juvenile Court for various civil hearings in connection with Plaintiff's paternal rights. Also named as defendants are Ron Ward, then director of the Oklahoma Department of Corrections, who Plaintiff claims controlled the individuals in the prisons' account departments responsible for charging the transportation costs; Lisa Hammon, the

judge who presided over Plaintiff's parental rights case and who, on her own motion, ordered Plaintiff brought to her court on several occasions by Writ of Habeas Corpus directed to the Oklahoma Department of Corrections, and Sheila Nettles, who "was the Assistant District Attorney in Case No. JD-02-316 . . . [and] was responsible for Writs be written to bring me to Court in this Case. " *Id.* at 1.  In addition to his claim that his prison account was wrongfully charged for transportation to proceedings which he did not initiate, Plaintiff also complains of the judicial conduct of Defendant Hammon and the actions of Defendant Nettles in connection with the parental rights action.[1] By way of relief, Plaintiff seeks return of the $407.54 in transportation expenses as well as 2.5 million dollars in damages for harassment and mental anguish from Defendants Hammon and Nettles. *Id.* at 6.

**Procedural Background**

Upon the undersigned's initial review of the complaint, it appeared that Plaintiff had failed to adequately allege exhaustion of his administrative remedies as required by the provisions of 42 U.S.C. § 1997e(a). *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003). Accordingly, the undersigned issued an order for Plaintiff to show cause why the action should not be dismissed for failure to allege and demonstrate that the administrative remedies available at the Cimarron Correctional Facility have been fully and properly exhausted [Doc. No. 18]. Plaintiff was further advised that failure to

---

[1] Generally, judges and district attorneys are entitled to the protection of absolute immunity from damages under § 1983. *See Mireles v. Waco,* 502 U.S. 9, 11 - 12 (1991) (trial judge absolutely immune from civil suits for actions taken in his judicial capacity unless the actions were taken in the clear absence of all jurisdiction over the subject matter); *Buckley v. Fitzsimmons,* 509 U.S. 259, 272 (1993) (district attorneys entitled to the protection of absolute immunity from damages for actions taken in the course of their role as advocates for the state).

comply with the Court's order could result in the dismissal of the complaint without prejudice to refiling. Plaintiff filed his response, stating that the response to the Request to Staff which was attached to his amended complaint demonstrated that the prison was charging Plaintiff with transportation costs because of a state statute/court order and not because of a prison procedure [Doc. No. 19]. According to Plaintiff, "no further relief could be granted petitioner through the administration, due to state statute, by going through the grievance process." *Id.*

**Standard of Review for Initial Screening**

Pursuant to 28 U.S.C. § 1915A(a), the court is under an obligation to review, as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity. Notwithstanding any filing fee or any portion thereof that may have been paid, it is the responsibility of the court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief can be granted or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A court may dismiss, sua sponte, a pro se complaint for failure to state a claim upon which relief may be granted. *See Thorman v. Bernalillo County Detention Center*, No. 00-2073, 2000 WL 1730890, at *1 (10th Cir. Nov. 22, 2000) (citing *McKinney v. State of Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)).[2] A complaint which fails to plead and provide evidence of exhaustion as required by § 1997e(a) is subject to dismissal for failure to state a claim. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003).

---

[2]This unpublished disposition is cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

**Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995 (PLRA) requires that a prisoner must exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has found that the mandate of Congress is clear: exhaustion is <u>required</u>. *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.") (quotation omitted). Moreover, the provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532.

The Tenth Circuit has held that exhaustion is not an affirmative defense to be raised and proven by a defendant; rather § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele,* 355 F.3d at 1209-10. As the Tenth Circuit explained: "To ensure compliance with the statute, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. The Tenth Circuit has also held that § 1997e(a) imposes a "total exhaustion" requirement. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004) (holding that the presence of unexhausted claims in a plaintiff's complaint requires the court to dismiss the action in its entirety without prejudice).

Here, Plaintiff admits in his response to this court's order directing him to demonstrate exhaustion that he did not exhaust available remedies, claiming that the prison was unable to grant him any relief because a state statute, not prison procedure, required that he pay transportation costs [Doc. No. 19]. Nonetheless, despite claiming on the one hand that prison procedures did not impose the transportation charges, Plaintiff has alleged that "to further harass and discriminate against petitioner, Ron Ward, Director and Tim Odell, past warden here, charge petitioner a fee of total costs known $407.54. . . . Since petitioner won this [parental rights] Case, he feels the amount charged him for transport costs should be given back to him by Ron Ward and Don Stewart." [Doc. No. 16, p. 5]. Plaintiff never allowed the named prison Defendants the opportunity to address these charges at the administrative level.

Plaintiff admittedly failed to exhaust his administrative remedies against the named prison employees on the theory that the prison administration "couldn't violate a Court order, and grant petitioner's request." [Doc. No. 19]. In other words, Plaintiff claims that, in his opinion, it would have been futile to attempt exhaustion. Futility, however, does not excuse the exhaustion requirement:

> The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "available" administrative remedies be exhausted prior to filing an action with respect to prison conditions under § 1983. Even where the "available" remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Booth*, 532 U.S. at 740, 121 S.Ct. 1819 (holding that even where an inmate sought money damages and the grievance process did not permit such awards, exhaustion was required as long as there was authority to take some responsive action).

*Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002).

The undersigned finds that Plaintiff has failed to meet his burden of pleading the required exhaustion of administrative remedies. *See Steele*, 355 F.3d at 1211. Consequently, Plaintiff's complaint should be dismissed without prejudice. *Id.* at 1213.

### **RECOMMENDATION**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Plaintiff's Second Amended Complaint be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 19th day of December, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

IT IS SO ORDERED this 28th day of November, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE