**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **HEZEKIAH JOEL COLBERT,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CIV-05-705-R |
| | ) |
| **LISA HAMMON, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts entered November 28, 2005 and the "Traverse Response to Report and Recommendation" filed by Plaintiff on December 15, 2005. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of the Traverse Response, which the Court treats as an objection to the Report and Recommendation.

Plaintiff asserts that it would have been futile for him to proceed to the next step in the administrative review process. However, as explained by the Magistrate Judge, there is no futility exception to the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See* Report and Recommendation at p. 5, *quoting Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Plaintiff requests that if the Court concludes that his claims against Don Stewart and Ron Ward must be dismissed for failure to exhaust administrative remedies that the Court not dismiss the entire action. In other words, he

requests that his claims against Lisa Hammon and Sheila Nettles not be dismissed. However, the presence unexhausted claims in a prisoner's § 1983 complaint requires dismissal of the action in its entirety without prejudice. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and Plaintiff's Complaint is DISMISSED without prejudice to refiling following exhaustion of administrative remedies.

**IT IS SO ORDERED this 16th day of December, 2005.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE